# UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PRIME ENERGY AND CHEMICAL, LLC** | CIVIL NO. 2:18-CV-0345 |
| **Plaintiff,** | |
| | **(Judge Kane)** |
| v. | |
| | **(Magistrate Judge Carlson)** |
| **TUCKER ARENSBERG, P.C., et al.,** | |
| **Defendants.** | |

## MEMORANDUM AND ORDER

### I. Factual Background

This case has been referred to the undersigned for the purpose of addressing discovery disputes and other pre-trial matters. (Doc. 96). On November 16, 2019, Prime Energy filed a motion to submit a reply brief in support of a discovery motion which it had filed. (Doc. 112). Prime Energy then filed its proposed reply brief along with this motion without awaiting leave of court to do so. (Doc. 113). One month later, on December 20, 2019, plaintiff's counsel tendered a letter to the court, with a copy to opposing counsel, which addressed the pending motions in this case. This correspondence was not placed on the docket in this case. These submissions by Prime Energy have, in turn, inspired the defendants to file three motions to strike

1

this reply brief and correspondence. (Docs. 115, 117 and 118). For the reasons set forth below, we will DENY these motions to strike but provide all parties with future guidance regarding filings in this case.

## II. Discussion

Rule 12(f) of the Federal Rules of Civil Procedure governs motions to strike pleadings and provides, in part, that:

> **(f) Motion to Strike.** The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter.

Fed. R. Civ. P. 12(f).

While rulings on motions to strike rest in the sound discretion of the court, Von Bulow v. Von Bulow, 657 F.Supp. 1134, 1146 (S.D.N.Y. 1987), that discretion is guided by certain basic principles. Because striking a pleading is viewed as a drastic remedy, such motions are "generally disfavored." Kaiser Aluminum & Chemical Sales, Inc. v. Avondale Shipyards, Inc., 677 F.2d 1045, 1057 (C.A. La., 1982). As one court has aptly observed:

> [S]triking a party's pleadings is an extreme measure, and, as a result, . . . "[m]otions to strike under Fed. R. Civ. P. 12(f) are viewed with disfavor and are infrequently granted." Lunsford v. United States, 570 F.2d 221, 229 (8th Cir.1977) (citing 5 Wright & Miller, Federal Practice and Procedure. Civil § 1380 at 783 (1969)). See also, Resolution Trust Corp. v. Gibson, 829 F.Supp. 1103, 1106 (W.D.Mo.1993); 2 James Wm. Moore et al., Moore's Federal Practice § 12.37[1] (3d ed. 2000).

2

Stanbury Law Firm v. I.R.S., 221 F.3d 1059, 1063 (8th Cir. 2000). In practice, courts should exercise this discretion and strike pleadings only when those pleadings are both "redundant, immaterial, impertinent, or scandalous" and prejudicial to the opposing party. Ruby v. Davis Foods, Inc., 269 F.3d 818, 820 (7th Cir. 2001).

Moreover, consistent with this sparing approach urged by the courts with respect to motions to strike, those "pleadings" that may be subject to a motion to strike are construed narrowly. Recognizing that briefs are, by their nature, argumentative and sometimes contentious filings, it is generally held that a brief—as opposed to other forms of pleadings—typically will not be considered a "pleading" which is properly the subject of a motion to strike. Hrubec v. National R.R. Passenger Corp., 829 F.Supp. 1502, 1506 (N.D. Ill. 1993) (citing Anna Ready Mix, Inc. v. N.E. Pierson Const. Co., 747 F.Supp. 1299, 1303 (S.D. Ill. 1990) and Board of Education v. Admiral Heating and Ventilation, Inc., 94 F.R.D. 300, 304 (N.D. Ill. 1982)).

In this case, we conclude that the subject matter of these various motions to strike—a proposed reply brief and correspondence from counsel—are not so irrelevant and highly prejudicial that they should be stricken from the record in this case. Therefore, while we will order the clerk to place plaintiff counsel's December 20, 2019 letter on the docket, and will instruct all parties that any future

correspondence, pleadings, or filings should be placed upon the docket, we will DENY the motions to strike these items. Instead, recognizing the defendant's desire to submit some form of rejoinder to these filing, we will grant the defendant leave to further respond to these submissions on or before January 13. 2020.

An appropriate order follows.

### III. Order

AND NOW this 2d day of January 2020, the defendant's motions to strike (Docs. 115, 117, and 118), are DENIED, and the plaintiff's motion for leave to file (Doc. 112), is GRANTED, but the parties are ORDERED in the future to place any correspondence, motions, briefs or other filings on the docket in this case. IT IS FURTHER ORDERED that the defendants may file responses to the plaintiff's submissions on or before **January 13, 2020**.

*S/Martin C. Carlson*
Martin C. Carlson
United States Magistrate Judge