## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRIME ENERGY AND** | : | **CIVIL NO. 2:18-CV-0345** |
| **CHEMICAL, LLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **TUCKER ARENSBERG, P.C., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

## MEMORANDUM AND ORDER

### I.     Factual Background

In this memorandum and order, we strive to write the final chapter in the contentious discovery history of this case. The background of this lawsuit is thoroughly detailed by the district court in a series of opinions addressing dispositive motions. See Prime Energy & Chem., LLC v. Tucker Arensberg, P.C., No. CV 18-345, 2018 WL 3541862, at *1 (W.D. Pa. Jul. 23, 2018); Prime Energy & Chem., LLC v. Tucker Arensberg, P.C., No. 2:18-CV-00345, 2019 WL 3778756, at *1 (W.D. Pa. Aug. 12, 2019). However, for our purposes the pertinent facts can be simply stated:

The plaintiff, Prime Energy, is a Florida-based oil and gas company that entered into a contractual agreement with certain businesses operated by a man named Mark Thompson. Thompson and his businesses were clients of the defendant

law firm and attorney, which performed legal work relating to this transaction. This agreement between Prime Energy and the Thompson-related entities was related to the $3 million purchase of assets at the oil and gas property known as the "Swamp Angel" property in McKean County, Pennsylvania. According to the plaintiff's complaint, in 2015 and 2016, Prime Energy engaged in a series of transactions with Mr. Thompson and his businesses in connection with this agreement. These transactions and their aftermath gave rise to this lawsuit. In its complaint, Prime Energy asserts that, in connection with these transactions, the defendant law firm and attorney engaged in a series of fraudulent activities relating to the ownership of the property, the disposition of deposit money, concealment of other litigation relating to the property, and other alleged cover-ups. Some of Prime Energy's claims in this lawsuit relate to alleged misdeeds in the course of other litigation between Prime Energy and Thompson in 2016, litigation in which the Tucker Arensburg law firm represented Thompson. Prime Energy also brings claims against the defendants grounded in recklessness, negligence, and *respondeat superior* liability. (Doc. 50). Prime Energy alleges that it suffered a series of significant direct and consequential damages as a result of this fraud. (Id.)

With Prime Energy's claims framed in this fashion, the parties have engaged in a course of discovery that has been at times acrimonious.  In an effort to assist the parties in resolving their discovery disputes, we were assigned to this case. Over the

course of the past year, we have issued a series of rulings, addressing and resolving a broad array of discovery matters. See e.g., Prime Energy & Chem., LLC v. Tucker Arensberg, P.C., No. 2:18-CV-0345, 2020 WL 32994, at *1 (W.D. Pa. Jan. 2, 2020); Prime Energy & Chem., LLC v. Tucker Arensberg, P.C., No. 2:18-CV-0345, 2020 WL 941657, at *1 (W.D. Pa. Feb. 26, 2020); Prime Energy & Chem., LLC v. Tucker Arensberg, P.C., No. 2:18-CV-0345, 2020 WL 922918, at *1 (W.D. Pa. Feb. 26, 2020); Prime Energy & Chem., LLC v. Tucker Arensberg, P.C., No. 2:18-CV-0345, 2020 WL 5653351, at *1 (W.D. Pa. Sept. 23, 2020). Some of these discovery rulings have been appealed to the district court, (Doc. 135), but all of these rulings have been affirmed (Doc. 141), and now guide the parties and control the disposition of these discovery questions.

At the time that we entered our last ruling on these discovery issues we instructed the parties to consult, confer, and notify us of any remaining unresolved questions. (Doc. 133). The parties reported that they were engaging in such a process. (Doc. 134). At the end of this process, the plaintiff filed several documents styled as a "Supplemental Declaration" in support of the plaintiff's prior motions to compel. (Docs. 140, 145). As this name implies, these supplemental declarations do not appear to raise new or different discovery issues. Rather, in our view they essentially seeks to relitigate discovery matters resolved by this court, and affirmed on appeal by the district court. The defendants have filed a response in opposition to

these supplemental declaration, (Doc. 142), and the declarations are now fully briefed by the parties. (Docs. 140, 142, 143, 144, 145).

Viewing these declarations as tantamount to motions to reconsider past discovery rulings, for the reasons set forth, this request is DENIED.

## II.   **Discussion**

As we have noted, while the purpose of these supplemental declarations filed by the plaintiff in support of their prior motions to compel is not entirely clear, we have construed them to be akin to motions to reconsider our past discovery rulings. Indeed, we note that this is only characterization that we can aptly give these pleadings, since the pleadings expressly relate to our prior discovery rulings and explain that with respect to these past decisions, in the plaintiff's mind, "the Court is not equipped, solo, to evaluate" the plaintiff's prior discovery objections. (Doc. 145, ¶ 11).

Construed in this fashion, we note that the legal standards that govern motions to reconsider are both clear, and clearly compelling. "The purpose of a motion for reconsideration is to correct manifest errors of law or fact or to present newly discovered evidence." Harsco Corp. v. Zlotnicki, 779 F.2d 906, 909 (3d Cir. 1985). Typically, such a motion should only be granted in three, narrowly defined circumstances, where there is either : "(1) [an] intervening change in controlling law, (2) availability of new evidence not previously available, or (3) need to correct a

clear error of law or prevent manifest injustice". Dodge v. Susquehanna Univ., 796

F.Supp. 829, 830 (M.D. Pa. 1992 ). As the United States Court of Appeals for the

Third Circuit has aptly observed:

> "The purpose of a motion for reconsideration ... is to correct manifest
> errors of law or fact or to present newly discovered evidence." Max's
> Seafood Café, 176 F.3d at 677 (quoting Harsco Corp. v. Zlotnicki, 779
> F.2d 906, 909 (3d Cir.1985)). "Accordingly, a judgment may be altered
> or amended if the party seeking reconsideration shows at least one of
> the following grounds: (1) an intervening change in the controlling law;
> (2) the availability of new evidence that was not available when the
> court granted the [prior] motion . . . ; or (3) the need to correct a clear
> error of law or fact or to prevent manifest injustice." Id. (citation
> omitted).

Howard Hess Dental Laboratories Inc. v. Dentsply Intern., Inc., 602 F.3d 237, 251

(3d Cir. 2010).

Thus, it is well-settled that a mere disagreement with the court does not

translate into the type of clear error of law which justifies reconsideration of a ruling.

Dodge, 796 F.Supp. at 830. Furthermore, "[b]ecause federal courts have a strong

interest in the finality of judgments, motions for reconsideration should be granted

sparingly." Continental Casualty Co. v. Diversified Indus., Inc., 884 F.Supp. 937,

943 (E.D. Pa. 1995). Moreover, it is evident that a motion for reconsideration is not

a tool to re-litigate and reargue issues that have already been considered and disposed

of by the court. Dodge, 796 F.Supp. at 830. Rather, such a motion is appropriate only

where the court has misunderstood a party or where there has been a significant

change in law or facts since the court originally ruled on that issue. See Above the Belt, Inc. v. Mel Bohannon Roofing, Inc., 99 F.R.D. 99, 101 (E.D. Va. 1983).

Judged against these legal benchmarks, the plaintiff's invitations to reconsider our past discovery rulings will be denied since nothing in the plaintiff's declarations warrants reexamination of these prior decisions. Indeed, the declarations do not address any of the factors that control motions for reconsideration. At the outset, Prime Energy cites no intervening changes in the controlling law. Nor does the plaintiff identify any newly discovered evidence that justifies revisiting these prior discovery rulings. Furthermore, Prime has not set forth any clear error of law or fact that needs to be corrected in order to avoid a manifest injustice. Therefore, nothing in the plaintiff's latest submissions provides legal or factual grounds for reconsideration of these prior discovery rulings.

Instead, these latest filings seem to be little more than a tool to re-litigate and reargue issues that have already been considered and disposed of by the court. This is clearly not a proper ground for a motion to reconsider. See Dodge, 796 F.Supp. at 830. In fact, revisiting these rulings would be particularly inappropriate in the instant case since Prime has already appealed many of these discovery rulings to the district court, which affirmed these discovery decisions. Given the unique procedural posture of this case, in the wake of the district court's ruling affirming these prior

discovery decisions, Prime's motion to reconsider now essentially invites us to overrule the district court's own discovery decisions.

This we will not do. Since Prime's latest filings provide no factual or legal basis for setting aside these prior discovery decisions and fly in the face of the legal thresholds that govern motions to reconsider, these invitations to revisit and revise past discovery rulings are DENIED.

An appropriate order follows.

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PRIME ENERGY AND** | : | **CIVIL NO. 2:18-CV-0345** |
| **CHEMICAL, LLC,** | : | |
| | : | |
| **Plaintiff,** | : | |
| | : | **(Judge Kane)** |
| **v.** | : | |
| | : | **(Magistrate Judge Carlson)** |
| **TUCKER ARENSBERG, P.C., et al.,** | : | |
| | : | |
| **Defendants.** | : | |

### ORDER

And now this 11th day of June 2021, in accordance with the accompanying Memorandum, the plaintiff's pleadings styled as a "Supplemental Declaration" in support of the plaintiff's prior motions to compel, (Docs. 140, 145), which we construe as motions to reconsider past discovery rulings, many of which have been affirmed by the district court, are DENIED.

_S/ Martin C. Carlson_
Martin C. Carlson
United States Magistrate Judge

8