**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| PRIME ENERGY AND CHEMICAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-345 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF Nos. 258, 259, and 260 |
| TUCKER ARENSBERG, P.C., and | ) | |
| MICHAEL A. SHINER, | ) | |
| | ) | |
| Defendants. | ) | |

## <u>MEMORANDUM ORDER</u>

This acrimonious litigation has proceeded to the summary judgment stage. Defendants Tucker Arensberg, P.C. and Michael A. Shiner have filed a Motion for Summary Judgment, ECF No. 212, a Concise Statement of Material Facts in Support of Motion for Summary Judgment, ECF No. 216, an Appendix containing 478 pages, ECF No. 217, and a Brief in Support of Defendants' Motion for Summary Judgment, ECF No. 218.

In response, Plaintiff filed three appendices containing 624 pages, ECF Nos. 219 – 221, three affidavits containing approximately 165 pages of additional exhibits, ECF Nos. 223, 224, 225, a Declaration of counsel with exhibits totaling approximately 409 pages, ECF No. 232, a Response to Defendants' Concise Statement of Material Facts, ECF No. 233, a Brief in Opposition to Defendants' Motion for Summary Judgment, ECF No. 234, and a Supplemental Appendix with exhibits totaling 144 pages, ECF No. 240. Unfortunately, Plaintiff's Response to Defendants' Concise Statement of Material Facts and its Brief in Opposition to Defendants' Motion for Summary Judgment contain few citations to exhibits of record and thereby render consideration of the pending Motion for Summary Judgment unduly burdensome.

The United States Court of Appeals for the Third Circuit has observed that, "'Judges are not like pigs, hunting for truffles buried in' the record." Doeblers' Pennsylvania Hybrids, Inc. v. Doebler, 442 F.3d 812, 820 n.8 (3d Cir. 2006), *as amended* (May 5, 2006) (quoting Albrechtsen v. Board of Regents of University of Wisconsin System, 309 F.3d 433, 436 (7th Cir. 2002) and quoting United States v. Dunkel, 927 F.2d 955, 956 (7th Cir.1991)). In Doeblers, a plaintiff's "near-complete reliance on its 'Concise Statement of Undisputed Facts' did not fulfill the court's requirement for citations to the appendix, *particularly considering that it is the movant who carries the burden of showing a lack of disputed material facts.*" Id. (italics added) (citing Aman v. Cort Furniture Rental Corp., 85 F.3d 1074, 1080 (3d Cir. 1996) (party moving for summary judgment bears burden of demonstrating absence of genuine issues of material fact)). Thus, at the summary judgment stage, a party that fails to support claims with adequate citations to the record, risks "having those claims rejected." Perkins v. City of Elizabeth, 412 F. App'x 554, 555 (3d Cir. 2011).

In furtherance of the parties' respective burdens, the Local Rules of the Western District of Pennsylvania provide that a Concise Statement of Material Facts "must cite to a particular pleading, deposition, answer to interrogatory, admission on file or other part of the record supporting the party's statement, acceptance, or denial of the fact." LCvR 56.B.1. Likewise, a party's response must set forth "the basis for the denial if any fact contained in the moving party's Concise Statement of Material Facts is not admitted in its entirety (as to whether it is undisputed or material) with appropriate reference to the record (See LCvR 56.B.1 for instructions regarding format and annotation)." LCvR C.1.b. The requirement for record citations acknowledges the parties' respective burdens in support and in opposition to summary judgment motions and the fact that when considering a summary judgment motion, a "court should not 'be required to scour

2

[Court] records and transcripts, without specific guidance, in order to construct specific findings of fact.'" Doeblers, 442 F.3d at 820 n.8.

Of particular note, this Court expressly directed, in the Summary Judgment Scheduling Order, that all references to evidence made in the parties' respective summary judgment motions, briefs or opposition must include ECF citations. ECF No. 194.

Plaintiff presents exhibits spanning over 1,350 pages. Faced with Plaintiff's deficient citations, the Court entered an Order directing Plaintiff to provide pinpoint ECF citations to the record. ECF No. 249. Counsel for Plaintiff filed a revised Concise Statement of Material Facts, ECF No. 254, a revised Response to Defendants' Concise Statement of Material Facts, ECF No. 255, Plaintiff's Supplemental Exhibits in Opposition to Defendants' Motion for Summary Judgment, ECF No. 256, and a "Reply to Defendants' Application to Strike Plaintiff's Statement of Material Facts," ECF No. 257.[1]

Pending now before the Court are Defendants' Motion[s] to Strike each document based on Plaintiff's failure to comply with the Court's order directing the addition of pinpoint page cites, and its decision to supplement the record with new evidence. ECF Nos. 258 – 260. Defendants' objection lies with Plaintiff's exploitation of the Court's order as an unauthorized invitation to file amended documents supplementing its arguments in opposition to the Motion for Summary Judgment to add commentary characterizing evidence, and to file exhibits not previously submitted. Id. As noted by Defendants, Plaintiff has frequently ignored Court filing deadlines and instructions. To that end, on November 9, 2022, this Court entered an Order as follows:

> Order granting in part and denying in part 226 "Plaintiff's Motion for Acceptance of Late Filing of Its Brief and Counterstatement of Facts in Opposition to Plaintiff's Motion for Summary Judgment." The motion is erroneously captioned and relates to Defendants' Motion for Summary Judgment. This Court's Scheduling Order

---

[1] Defendants have also filed revised documents at ECF Nos. 250-253 changing exhibit numbers to pinpoint ECF citations.

expressly directed that "any Response in Opposition to a Motion for Summary Judgment and accompanying brief must be filed by 11/7/22." ECF No. 194. Plaintiff failed to comply with this Order, as it has prior scheduling orders. Furthermore, in the Order of Court dated July 20, 2022, accepting a late filing by Plaintiff, this Court advised Plaintiff that "[g]oing forward, it is the expectation of this Court that all motions, briefs and other submissions must be complete, accurate and timely filed." ECF No. 202. Now, two days after the due date for Plaintiff's summary judgment opposition filings, Plaintiff again seeks another extension of time, after the fact. Out of abu[n]dance of caution, the Court will grant Plaintiff an extension of time until 12 noon on Thursday, 11/10/22 to file all remaining documents relative to the Defendants' Motion for Summary Judgment. ANY DOCUMENT FILED BY PLAINTIFF AFTER THE DEADLINE WILL BE STRICKEN. NO EXTENSIONS OR SUPPLEMENTS WILL BE ALLOWED. In addition, the Court had tried to accommodate the Thanksgiving holiday for counsel with the prior scheduling order. Accordingly, the deadline for Defendants' reply is extended to 12/2/22.

ECF No. 231.

Upon review, it is clear that Plaintiff's counsel abused the Court's exercise of discretion as an opportunity to substantively revise documents, supplement arguments, and present new evidence that was due no later than "Thursday, 11/10/22."[2] To the extent that the Court's Order requiring pinpoint citations was intended to permit Plaintiff an opportunity to properly document its opposition to statements contained in Defendants' Concise Statement of Facts, it is disheartening that Plaintiff sought tactical advantage to revise and supplement the record and to further refine its arguments.

The Third Circuit has held that the district court did not abuse its discretion in striking a plaintiff's nonconcise and argumentative answers to defendants' statement of material facts for failing to comply with the court's local rule. Weitzner v. Sanofi Pasteur Inc., 909 F.3d at 613-14.

---

[2] Rather than grant Plaintiff leave to provide record citations, the Court could have exercised its discretion to strike all factual assertions unsupported by record citations. See Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 613-14 (3d Cir. 2018).

In this case, the Court will strike all "new" information or commentary at ECF No. 254, strike Plaintiff's supplemental exhibits at ECF No. 256, and strike the "Declaration of Charles B. Manuel, Jr. in Opposition to Defendants' Application to Strike Plaintiff's Statements of Facts in Opposition to Defendants' Motion for Summary Judgment," ECF No. 257, due to Plaintiff's failure to comply with this Court's Order to provide ECF citations to the record.

Therefore, upon consideration of Defendants' Motion to Strike Plaintiff's Revised Statement of Material Undisputed Facts [ECF 254], ECF No. 258, Motion to Strike Plaintiff's Supplemental Exhibits in Opposition to Defendants' Motion for Summary Judgment [ECF 256], and Motion to Strike the Declaration of Charles B. Manuel, Jr. in Opposition to Defendants' (non-existent) Application to Strike Plaintiff's Statement of Facts [ECF 257], and Plaintiff's "Declaration of Charles B. Manuel, Jr. in Opposition to Defendants' Motions ECF 256, 257 and 258 to Strike," and for the reasons set forth herein,

IT IS HEREBY ORDERED, this 10th day of April 2023, as follows:

(1) Defendants' Motion to Strike Plaintiff's Revised Statement of Material Facts, ECF No. 258, as to the substantive changes that appear in paragraphs 15, 46, 89, 92, 98, 126, 129, and 144 at ECF No. 254 is GRANTED;

(2) Defendants' Motion to Strike Plaintiff's Supplemental Exhibits at ECF No. 256, ECF No. 259, is GRANTED; and

(3) Defendants' Motion to Strike Plaintiff's Declaration of Charles B. Manuel, Jr. in Opposition to Defendants' Motions ECF 256, 257 and 258, ECF No. 260, is GRANTED.

IT IS FURTHER ORDERED that, pursuant to Rule 4(a)(1) of the Federal Rules of Appellate Procedure, if any party wishes to appeal from this Order he or she must do so within

thirty (30) days by filing a notice of appeal as provided in Rule 3, Fed. R. App. P., with the Clerk

of Court, United States District Court, 700 Grant Street, Room 3110, Pittsburgh, PA 15219.

BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE

cc:  All counsel of record via ECF