IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PRIME ENERGY AND CHEMICAL, LLC, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 18-345 |
| | ) | Magistrate Judge Maureen P. Kelly |
| v. | ) | |
| | ) | Re: ECF No. 270 and 273 |
| TUCKER ARENSBERG, P.C., and | ) | |
| MICHAEL A. SHINER, | ) | |
| | ) | |
| Defendants. | ) | |

**<u>MEMORANDUM ORDER</u>**

Pending now is a Motion for Reconsideration, ECF No. 270, filed on behalf of Plaintiff

Prime Energy and Chemical, LLC ("Prime") and a supplemental Motion for Reconsideration, ECF

No. 273, also filed by Prime to provide case citations omitted in the Motion for Reconsideration.

Prime asks the Court to reconsider and amend its Order entered April 10, 2023, ECF No. 269. For

the following reasons, both motions are denied.

The relevant facts are set forth in the complained of Order. Thus, the Court briefly

summarizes the procedural posture of Prime's motions for reconsideration.

On April 10, 2023, the Court granted Defendants' Motion to Strike supplemental

arguments and exhibits filed by Prime on March 17, 2023. These documents were filed four

months after the deadline had passed to respond to Defendants' Motion for Summary Judgment.

See ECF No. 194 (Plaintiff's response to Motions for Summary Judgment due November 11,

2022); ECF Nos. 202, 231, and 254-256. Prime filed the exhibits and supplemental arguments

under the guise of responding to the Court's directive to refile its briefs and response to

Defendants' Concise Statement of Facts to provide *ECF citations* to evidence *already of record*.

ECF No. 249.

Prime contends that reconsideration of the Order striking supplemental arguments and

exhibits is warranted to correct clear error of law and to avoid manifest injustice. In support of its

claims of error, Prime asserts that the Court overlooked citations to evidence set forth in Prime's

Concise Statement of Material Facts, misread the requirements of the Local Rules of Civil

Procedure, disregarded the permissible means to oppose motions for summary judgment, and

ignored the Federal Rules of Civil Procedure and precedent regarding the reach of Local Rules of

Civil Procedure. ECF No. 271 at 10-17. Defendants Tucker Arensberg, P.C. and Michael Shiner

have filed responses to Prime's dual motions, ECF Nos. 276 and 277, and Prime has filed a Reply,

ECF No. 278. The Motions for Reconsideration are ripe for disposition.

The Court's review of  motions to reconsider interlocutory orders – such as the order at

issue here – is limited:

> The court recognizes that "'[s]o long as [it] has jurisdiction over the case, it possesses inherent power over interlocutory orders, and can reconsider them when it is consonant with justice to do so.'" In re Anthanassious, 418 Fed. Appx. 91 (3d Cir. 2011) (quoting United States v. Jerry, 487 F.2d 600, 605 (3d Cir. 1973)). This power is comparable to the authority recognized in Federal Rule of Civil Procedure 54(b), which provides that "any order or other decision, however designated, that adjudicates fewer than all the claims ... may be revised at any time before the entry of a judgment adjudicating all of the claims and all of the parties' rights and liabilities." Fed. R. Civ. P. 54. A trial judge "'should exercise that discretion whenever it appears that a previous ruling, even if ambiguous, might lead to an unjust result.'" In re Pharmacy Benefit Managers Antitrust Litig., 582 F.3d 432, 438–39 (3d Cir. 2009) (quoting Swietlowich v. Bucks Cnty., 610 F.2d 1157, 1164 (3d Cir. 1979)).

> While "district courts have more discretion in reconsidering interlocutory orders than in revising final judgments," Foster v. Westchester Fire Ins. Co., Civ. Action No. 09-1459, 2012 WL 2402895, at *4 (W.D. Pa. June 26, 2012), the Third Circuit Court of Appeals has held that "[t]he trial court must, of course, exercise this authority in a responsible way, both procedurally and substantively," and that "[e]ffective trial court management requires a presumption against reconsideration

of interlocutory decisions." <u>In re Anthanassious</u>, 418 Fed. Appx. at 96. Thus, courts should exercise this inherent power with a "light hand." <u>See</u> <u>Foster</u>, 2012 WL 2402895, at *4. In discussing the scope of a district court's discretion to reconsider an interlocutory decision, the Third Circuit Court of Appeals has held that while "'[a] court has the power to revisit prior decisions of its own or of a coordinate court in any circumstance ... as a rule courts should be loathe to do so in the absence of extraordinary circumstances such as where the initial decision was clearly erroneous and would make a manifest injustice.'" <u>In re Pharmacy Benefit Managers</u>, 582 F.3d at 439 (quoting <u>Christianson v. Colt Indus. Operating Corp.</u>, 486 U.S. 800, 816 (1988)).

<u>Black Bear Energy Servs., Inc. v. Youngstown Pipe & Steel, LLC DNV Energy, LLC</u>, No. CV 15-50, 2017 WL 2985432, at *8 (W.D. Pa. July 13, 2017). <u>See also</u> <u>Gay v. A.O. Smith Corp.</u>, No. 2:19-CV-1311, 2022 WL 2829887, at *1 (W.D. Pa. Apr. 21, 2022).

1. **Requiring citations to the record and concluding that the failure to do made review "unduly burdensome" was not "clearly erroneous."**

Prime argues that reconsideration is warranted because the Court made a factual determination that was "clearly erroneous" when it stated, "Plaintiff's submissions in opposition to Defendants' motion for summary judgment 'contain few citations to exhibits of record and thereby render consideration of the pending Motion for Summary Judgment unduly burdensome.'" ECF No. 278 at 3. Prime asserts that its Concise Statement of Facts amply supports factual statements in opposition to summary judgment and thus the Court's review is not impeded. <u>Id.</u> This statement represents Prime's continued misunderstanding of a party's obligations when responding to a motion for summary judgment under the Federal Rules of Civil Procedure and the Local Civil Rules of Court for the Western District of Pennsylvania.

The complained of Order states, "[u]nfortunately, Plaintiff's Response to Defendants' Concise Statement of Material Facts and its Brief in Opposition to Defendants' Motion for Summary Judgment contain few citations to exhibits of record and thereby render consideration

of the pending Motion for Summary Judgment unduly burdensome." ECF No. 264 at 1. The Court

explained that pursuant to the Local Civil Rules, a party:

> must set forth "the basis for the denial if any fact contained in the moving party's
> Concise Statement of Material Facts is not admitted in its entirety (as to whether it
> is undisputed or material) *with appropriate reference to the record* (See LCvR
> 56.B.1 for instructions regarding format and annotation)." LCvR C.1.b. The
> requirement for record citations acknowledges the parties' respective burdens in
> support and in opposition to summary judgment motions and the fact that when
> considering a summary judgment motion, a "court should not 'be required to scour
> [Court] records and transcripts, without specific guidance, in order to construct
> specific findings of fact.'" Doeblers, 442 F.3d at 820 n.8.

Id. at 2-3 (italics added). The Local Civil Rules mirror the obligations set forth in Rule 56(c) of

the Federal Rules of Civil Procedure:

> (c) Procedures.
>
> (1) Supporting Factual Positions. A party asserting that a fact cannot be or is
> genuinely disputed must support the assertion by:
>
> (A) citing to particular parts of materials in the record, including depositions,
> documents, electronically stored information, affidavits or declarations,
> stipulations (including those made for purposes of the motion only), admissions,
> interrogatory answers, or other materials[.]

Fed. R. Civ. P. 56(c). Prime points to a provision of the Local Rules that permits a party opposing

summary judgment to file a separate statement of facts setting forth facts it considers material or

necessary for the Court's consideration of the motion. ECF No. 278 at 3. However, such leave

does not permit a party to disregard the added requirement to support an assertion that a fact is

"genuinely disputed" with citations to the record. LCvR 56(c)(1)(a),(b); Fed. R. Civ. P. 56(c).

Thus, the Court's conclusion that record citations are required by a party denying an assertion of

fact or asserting that a fact is genuinely disputed was not "clearly erroneous," nor was its

conclusion that Prime's failure to do so made review of the pending motion for summary judgment

"unduly burdensome." Counsel is reminded that the Court could have exercised its discretion to

strike all denials or assertions of fact unsupported by record citations. See Weitzner v. Sanofi Pasteur Inc., 909 F.3d 604, 613-14 (3d Cir. 2018). That said, the Court is well aware that in resolving the pending Motion for Summary Judgment, it must view the facts taken from the record as a whole in the light most favorable to the nonmoving party and must draw all reasonable inferences, and resolve all doubts, in favor of the nonmoving party. Matreale v. New Jersey Dep't of Mil. & Veterans Affairs, 487 F.3d 150, 152 (3d Cir. 2007); Woodside v. Sch. Dist. of Philadelphia Bd. of Educ., 248 F.3d 129, 130 (3d Cir. 2001).

   2. **Striking exhibits filed out of time and without leave does not result in "manifest injustice."**

Prime contends that the Court erred in striking exhibits filed on March 17, 2023. ECF No. 278 at 17-21. Prime argues that striking the new exhibits results in "manifest injustice." Id. The exhibits include: (1) a transcript of a state court hearing held on February 16, 2017 in the lawsuit between Defendants' client(s) and Prime; (2) Tucker Arensberg time and billing records; and (3) Pennsylvania Department of Environmental Protection administrative records, violations, and state court proceedings related to wells "owned and operated" by Thompson and Horizontal on the Swamp Angel property. ECF No. 256; ECF No. 256-3 at 15. Prime argues that the environmental enforcement records are relevant to its fraud and misrepresentation claims because Defendants failed to disclose the existence of violations issued against MarcellX on the subject Swamp Angel Lease.

   Prime filed the exhibits in violation of the Court's scheduling order and despite two separately issued orders barring late filings due to Prime's pattern of ignoring the Court's scheduling orders during litigation of this matter. ECF No. 194, 202, and 231. Prime did not seek leave for its belated filing nor explain why it could not have timely filed the exhibits it has possessed since at least 2018. See ECF No. 271 at 19 n.9. Prime cannot claim it only recently

learned that the exhibits were omitted given that on December 2, 2022, Defendants highlighted

Prime's failure to support its claims of undisclosed environmental violations with citations to

evidence in the record. ECF No. 236 at 22. Thus, Prime's delay of over three months to file the

omitted documents cannot be excused.

> Federal Rule of Civil Procedure 16(f) permits a court to impose sanctions, including
> "striking pleadings in whole or in part" as provided by Rule 37(b), against any party
> that "fails to obey a scheduling or other pretrial order." Fed. R. Civ. P. 16(f)(1)(C)
> (citing FED. R. CIV. P. 37(b)(2)(A)(iii)). See, e.g., Ramada Worldwide, Inc. v.
> VMN Foothills, LLC, No. 15-4078, 2017 WL 1157864, at *2 (D.N.J. Mar. 28,
> 2017).

United States v. Brace, No. 1:17-CV-00006, 2019 WL 3778394, at *6 (W.D. Pa. Aug. 12, 2019),

*aff'd*, 1 F.4th 137 (3d Cir. 2021).

In this case, the evidence at issue is cumulative to other evidence in the record related to

Prime's contention that Defendants failed to disclose environmental violations on the Swamp

Angel property. See, e.g., ECF No. 217-33. Thus, there are no grounds for finding "manifest

injustice" upon which the Court would revisit its Order striking the exhibits as a consequence of

Prime's repeated flouting of Court scheduling orders and prior warnings that late filings would not

be countenanced.

Accordingly, IT IS HEREBY ORDERED this 7th day of June 2023, upon consideration of

the Motions for Reconsideration filed on behalf of Plaintiff Prime Energy and Chemical, LLC,

ECF Nos. 270 and 273, and the briefs filed in support and in opposition thereto, ECF Nos. 276-

278, and for the reasons set forth in this Memorandum Order, the Motions for Reconsideration are

DENIED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Argument is DENIED.


BY THE COURT:

MAUREEN P. KELLY
UNITED STATES MAGISTRATE JUDGE



cc:  All counsel of record via ECF